**In the Matter of AMERICAN PRE–CAST CORP., Debtor.**

**AMERICAN PRE–CAST CORP., Plaintiff,**

**v.**

**BLOSAM CONTRACTORS, INC., B, L & M Construction Company, and National Fire Insurance Co., Defendants.**

**Bankruptcy No. 82–369 Orl Bk AP. Adv. No. 82–515.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

May 26, 1983.

D.A. Nohrr, Melbourne, Fla., for plaintiff.

Irby G. Pugh, Orlando, Fla., Ronald L. Bloom, Jacksonville, Fla., for defendants.

MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for final evidentiary hearing upon a Complaint for Dam-

ages filed by American Pre-Cast Corp., the Debtor in the above-styled Chapter 11 business reorganization case against Blosam Contractors, Inc., B, L & M Construction Company and National Fire Insurance Company. The Complaint set forth in four Counts, with Counts I, II and III seeking damages in the amount of $6,981.66 plus interest, cost and attorneys fees from Blosam and B, L & M. Although set forth in three separate Counts, the allegations and relief sought in Counts I, II and III are substantially similar and shall be treated as one Count. Count IV, also an action for damages in the amount of $6,981.66 plus interest, costs and attorneys fees demands judgment against National Fire Insurance Company, a non-debtor. The Court having heard argument of counsel, considered the record and finds as follows:

At the time relevant to the controversy, American Pre-Cast Corp. was a supplier of materials on certain construction jobs on which the Defendant, Blosam Contractors (Blosam), was the general contractor. The job was a bonded job and American Pre-Cast, the Debtor involved in the above-styled Chapter 11 case, furnished certain materials to B, L & M Construction Company (B, L & M).

In either late December 1981 or early January 1982, B, L & M defaulted on the contract and was removed from the job by Blosam. A representative of Blosam contacted a representative of the Debtor and requested that the Debtor continue to furnish materials on the job in order that they could complete the job. Blosam agreed to pay for all materials furnished, including the materials previously furnished to B, L & M, some of which were already used and some were still on the job site at the time this conversion took place.

It is without dispute that all materials furnished to Blosam after the general contractor was removed were paid in full. The matter in controversy is the outstanding balance due and owing to the Debtor for materials originally furnished to B, L & M which admittedly was not paid and still remains unsatisfied.

While there is some evidence in the record that the son of the President of the Debtor accepted a check in payment for the materials furnished to Blosam in March and in conjunction with this transaction filed a waiver of lien, there is no evidence in this record that he was either authorized to sign the waiver of lien or the waiver intended to waive all lien rights including those which might have been based on the material previously furnished to B, L & M. It is clear that there was an understanding of the parties that unless Blosam agreed to pay all outstanding bills incurred in connection with furnishing material to the subject president, they would not have agreed to furnish additional material to Blosam in order to enable Blosam to complete the project. This being the case, this Court is satisfied that Blosam impliedly assumed the obligation to pay for the bills including the bills incurred by B, L & M, therefore, it is liable for the balance which remains unpaid as it appears from Exhibit # 1, to wit: the total sum of $7080.83.

This being a "related" case as the term is defined by the Emergency Local Rule (d)(2), this Court can only enter a final dispositive order and judgment if the parties consent to the jurisdiction. Inasmuch as Counsel for the Defendants, National Fire Insurance Company and Blosam Contractors, Inc. consented to the entry of a final dispositive order, the judgment to be entered can only be challenged by a timely filed Notice of Appeal pursuant to B.R. 802. Final Judgment shall also be entered in favor of the Plaintiff, American Pre-Cast and against the Defendant, B, L & M Construction Company.

A separate final judgment will be entered in accordance with the foregoing.